UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY COLLINS, | ) | 1:08-cv-00476-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | COUNSEL'S MOTION TO WITHDRAW AS |
| | ) | ATTORNEY OF RECORD (DOC. 20) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | ORDER GRANTING AN EXTENSION OF |
| SECURITY, | ) | TIME FOR THE FILING OF |
| | ) | PLAINTIFF'S BRIEF TO NO LATER |
| Defendant. | ) | THAN MARCH 10, 2009 |
| | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | | UPDATE THE DOCKET AND TO SERVE |
| | | THIS ORDER ON PLAINTIFF HIMSELF |
| | | AT THE ADDRESS SPECIFIED IN THIS |
| | | ORDER |

Plaintiff is proceeding in forma pauperis and with counsel with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for benefits. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

Pending before the Court is the motion of Marc V. Kalagian of the law offices of Rohlfing and Kalagian, LLP, to withdraw as attorney of record for Plaintiff, which was served on Defendant and Plaintiff and filed on December 11, 2008. The motion included a notice and motion to withdraw as attorney of record, a

1

supporting memorandum, and a declaration. The Court issued a briefing order that was served on Plaintiff on December 15, 2008, setting deadlines for the filing of any opposition by Plaintiff and reply thereto; no opposition was filed, and Defendant has not responded. The Court has reviewed all the documents submitted in connection with the motion.

## I. The Motion to Withdraw as Attorney of Record

Movant Marc V. Kalagian states that after undertaking representation of Plaintiff in February 2008, and reviewing the administrative record, he informed Plaintiff in August 2008 in writing of his opinion that he could not pursue the case on Plaintiff's behalf, and he informed Plaintiff that if Plaintiff disagreed with counsel's opinion, Plaintiff could sign a substitution of attorneys and seek other counsel. As of the time the motion was filed, Plaintiff had neither advised Kalagian of the retention of alternate counsel or authorized counsel to dismiss the action. (Decl. of Kalagian, ¶¶ 2-4.)

On December 11, 2008, counsel mailed a copy of the motion to Plaintiff at Plaintiff's last-known address, and he has submitted to the Court documentation of Plaintiff's receipt of the motion. (Decl. ¶ 6, Ex. 1.) Plaintiff's last known and current address is 2609 Westholme Blvd., Apt. B, Bakersfield, California 93309. The Court finds that Plaintiff's address has been established within the meaning of Local Rule 83-182(d). The Court further finds that withdrawing counsel gave Plaintiff adequate notice of the instant motion.

The grounds of the motion are that after diligent research of the issues, counsel has formed the opinion that he cannot

pursue the matter on Plaintiff's behalf and that to do so could subject Plaintiff and counsel to sanctions under Rule 11. (Decl. of Kalagian ¶ 5.)

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Cal. Rules of Prof. Conduct, Rule 3-700(C)(1)(a) provides for withdrawal with the permission of a tribunal if the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law. Fed. R. Civ. P. 11(b)(1) provides that by presenting to the Court a paper, an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Cal. Rules Prof. Conduct, Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a tribunal that the tribunal will find the existence of good cause for withdrawal.

The Court finds and concludes that counsel has established grounds for withdrawal. The motion to withdraw will be granted.

II. <u>Extension of Time to File Plaintiff's Opening Brief</u>

Local Rule 83-182(d) provides, "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Counsel has requested that the Court grant Plaintiff time

3

to search for counsel and extend the time for filing Plaintiff's opening brief. Plaintiff's opening brief was due on January 21, 2009; thus, it is currently overdue.

In order to permit Plaintiff to obtain counsel and to file an opening brief, the Court will extend the deadline for its filing until March 10, 2009.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action even if Plaintiff fails to obtain new counsel. A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, will result in sanctions, including dismissal of this action. Because Plaintiff is now proceeding pro se, the Court will by separate order inform Plaintiff of requirements concerning Social Security cases in this Court.

III. Disposition

Accordingly, it IS ORDERED that

1) The motion of Plaintiff's counsel, Marc V. Kalagian, to withdraw as attorney of record IS GRANTED; and

2) Plaintiff's opening brief SHALL BE FILED no later than March 10, 2009; and

3) The Clerk SHALL UPDATE THE DOCKET to reflect Plaintiff's pro se status and Plaintiff's address of 2609 Westholme Blvd., Apt. B, Bakersfield, California 93309 and SHALL SERVE this order upon Plaintiff at that address.

IT IS SO ORDERED.

**Dated:   January 23, 2009**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

4