UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY COLLINS, | ) | 1:08-cv-00476-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING ENTIRE** |
| | ) | **ACTION WITHOUT PREJUDICE FOR** |
| vs. | ) | **PLAINTIFF'S FAILURE TO FILE** |
| | ) | **AN OPENING BRIEF, FAILURE TO** |
| MICHAEL J. ASTRUE, | ) | **PROSECUTE, AND FAILURE TO** |
| Commissioner of Social | ) | **FOLLOW COURT ORDER(S)** |
| Security, | ) | (Doc. 27) |
| | ) | |
| Defendant. | ) | **ORDER DIRECTING CLERK** |
| | ) | **TO CLOSE ENTIRE ACTION** |

Plaintiff is proceeding pro se and in forma pauperis in this action seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's application for benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Docs. 8 & 9), and the matter was assigned to the Magistrate Judge to conduct all further proceedings in this case, including entry of final judgment (Doc. 11).

I.   Procedural History

On March 17, 2008, plaintiff filed the complaint (Doc. 2). On April 7, 2008, the Scheduling Order directed plaintiff to file his opening brief ninety-five (95) days after defendant

1

1  lodged the administrative record, which serves as defendant's
2  answer (Doc. 6).  On August 27, 2008, defendant filed or rather
3  lodged the administrative record (Doc. 12).  However, on
4  September 25, 2008, the parties filed a stipulation requesting an
5  extension of time as the administrative record was incomplete and
6  missing pages 286-358 (Doc. 14).  On October 16, 2008, defendant
7  filed or rather lodged a supplemental administrative record (Doc.
8  17).  On October 17, 2008, the Court issued a Minute Order
9  extending the deadline for plaintiff's opening brief to January
10 21, 2009, due to the substantial length of the supplemental
11 administrative record (Doc. 19).  On December 11, 2008, Marc
12 Kalagian filed a motion to withdraw as attorney of record for
13 plaintiff (Doc. 20).  On December 15, 2008, the Court issued a
14 Minute Order directing plaintiff to file any opposition to the
15 motion by December 31, 2008, and any reply by counsel by January
16 16, 2009 (Doc. 21).  On January 26, 2009, there being no
17 opposition filed by plaintiff and no response from defendant, the
18 Court granted Attorney Kalagian's motion to withdraw and granted
19 plaintiff until March 10, 2009, by which to file his opening
20 brief (Doc. 22).  Further, on January 26, 2009, the Court issued
21 an Informational Order for Pro Se Litigants detailing the
22 deadline for filing the opening brief (Doc. 23).  On March 19,
23 2009, the Court issued an order requiring plaintiff to personally
24 appear and show cause why this action should not be dismissed for
25 his failure to file an opening brief by March 10, 2009 (Doc. 24).
26 On April 21, 2009, Attorney Kalagian filed a response to the
27 order to show cause in that he inadvertently did not serve the
28 administrative record on plaintiff upon the granting of the

motion to withdraw, and respectfully requested that the Court grant plaintiff until April 22, 2009, to file his opening brief (Doc. 25).  On April 21, 2009, the Court granted plaintiff until May 29, 2009, to file his opening brief, with or without the assistance of counsel (Doc. 27).  To date, pro se plaintiff has not filed an opening brief nor otherwise contacted the Court (with any request for an extension of time or explanation for the delay), has failed to prosecute this action, and has failed to comply with order(s) of the Court.

The following is a copy of pertinent court docket entries depicting the history of this case:

| Date Filed | # | Docket Text |
|---|---|---|
| 03/17/2008 | 1 | CIVIL COVER SHEET by Billy Collins (Kalagian, Marc) (Entered: 03/17/2008) |
| 03/17/2008 | 2 | COMPLAINT *FOR REVIEW OF THE PROCEEDINGS BEFORE COMMISSIONER OF SOCIAL SECURITY* against Michael J. Astrue by Billy Collins. Attorney Kalagian, Marc V added. (Attachments: # 1 Certification, # 2 Summons)(Kalagian, Marc) (Entered: 03/17/2008) |
| 03/17/2008 | 3 | MOTION to PROCEED IN FORMA PAUPERIS by Billy Collins. (Kalagian, Marc) (Entered: 03/17/2008) |
| 03/17/2008 |   | APPLICATION TO PROCEED IFP filed - Action Required. (Flores, E) (Entered: 03/17/2008) |
| 04/04/2008 | 4 | ORDER GRANTING 3 Motion to Proceed in forma pauperis, signed by Magistrate Judge Sandra M. Snyder on 04/03/2008. (Martin, S) (Entered: 04/04/2008) |
| 04/07/2008 | 5 | SUMMONS ISSUED as to *Commissioner of Social Security* with answer to complaint due within *60* days. Attorney *Marc V. Kalagian* *211 East Ocean Boulevard* *Suite 420* *Long Beach, CA 90802*. (Sondheim, M) (Entered: 04/07/2008) |
| 04/07/2008 | 6 | SCHEDULING ORDER in SOCIAL SECURITY APPEAL (Attachments: # 1 Consent Forms) (Sondheim, M) (Entered: 04/07/2008) |
| 04/23/2008 | 7 | SUMMONS RETURNED UNEXECUTED by Billy Collins as to Commissioner of Social Security. (Attachments: # 1 Proof of Service) (Kalagian, Marc) (Entered: 04/23/2008) |

| | | | |
|---|---|---|---|
| 1 | 04/23/2008 | 8 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Billy Collins. (Kalagian, Marc) (Entered: 04/23/2008) |
| 2 | 05/21/2008 | 9 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Commissioner of Social Security. Attorney Firer, Elizabeth Mary added. (Firer, Elizabeth) (Entered: 05/21/2008) |
| 3 | 06/02/2008 | 10 | ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Sandra M. Snyder for all further proceedings. District Judge Lawrence J. O'Neill no longer assigned to case signed by District Judge Lawrence J. O'Neill on 5/29/2008. (Martin, S) (Entered: 06/02/2008) |
| 4 | 06/02/2008 | | (Court only) ***STAFF NOTES***Please disregard docket entry no. 10 , Data Entry Error. (Martin, S) (Entered: 06/02/2008) |
| 5 | 06/02/2008 | 11 | CONSENT ORDER REASSIGNING CASE for all purposes to Magistrate Judge Sandra M. Snyder, signed by District Judge Lawrence J. O'Neill on 5/29/2008. (Martin, S) (Entered: 06/02/2008) |
| 6 | 08/27/2008 | 12 | NOTICE OF LODGING SOCIAL SECURITY ADMINISTRATIVE TRANSCRIPT by Commissioner of Social Security. Attorney Hall, Benjamin E. added. (Hall, Benjamin) (Entered: 08/27/2008) |
| 7 | 08/27/2008 | 13 | RECEIVED Administrative Record as to 12 Notice of Lodging Social Security Administrative Transcript. (Verduzco, M) (Entered: 08/27/2008) |
| 8 | 09/25/2008 | 14 | STIPULATION *For Extension of Time to Comply With Scheduling Order; and Order* by Commissioner of Social Security. Attorney Kalagian, Marc V added. (Kalagian, Marc) (Entered: 09/25/2008) |
| 9 | 09/30/2008 | 15 | MINUTE ORDER ***TEXT Only***: The docket indicates that you docketed a STIPULATION For Extension of Time to Comply With Scheduling Order 14 on 9/25/08, however you failed to also send it to Judge Snyders order box so it could actually be signed. Please submit the document in Word or WordPerfect format to smsorders@caed.uscourts.gov - for the courts consideration.(Herman, H) (Entered: 09/30/2008) |
| 10 | 10/01/2008 | 16 | STIPULATION for Extension of Time to Comply with Scheduling Order; and ORDER - Commissioner shall have until 10/27/2008 to serve supplemental administrative record. signed by Judge Sandra M. Snyder on 10/1/2008. (Herman, H) (Entered: 10/01/2008) |
| 11 | 10/16/2008 | 17 | NOTICE OF LODGING SOCIAL SECURITY ADMINISTRATIVE TRANSCRIPT by Commissioner of Social Security. *Notice of Lodging Supplemental Administrative Transcript.* (Hall, Benjamin) (Entered: 10/16/2008) |
| 12 | 10/16/2008 | 18 | CLERK'S NOTICE: Received Social Security Administrative Transcript pursuant to 17 Notice of Lodging Social Security Administrative Transcript. (Gil-Garcia, A) (Entered: 10/16/2008) |
| 13 | 10/17/2008 | 19 | MINUTE ORDER (Text Only Entry): Due to the substantial length of the supplemental administrative record 17 , plaintiff's opening brief is now due by 1/21/09. Signed by Judge Sandra M. Snyder on 10/17/08. (Robles, F.) (Entered: 10/17/2008) |

| | | | |
|---|---|---|---|
| 12/11/2008 | 20 | MOTION to WITHDRAW as ATTORNEY by Billy Collins. (Attachments: # 1 Exhibit)(Kalagian, Marc) (Entered: 12/11/2008) |
| 12/15/2008 | 21 | MINUTE ORDER (Text Only Entry) re: Motion to Withdraw as Attorney of Record 20 : any opposition by plaintiff is due filed by 12/31/08; any reply by counsel is due filed by 1/16/09. Signed by Judge Sandra M. Snyder on 12/15/08. (Robles, F.) (Entered: 12/15/2008) |
| 12/15/2008 | | SERVICE BY MAIL: 21 Minute Order served on Billy Collins, 2609 Westholme Blvd., Apt. B, Bakersfield, CA, 93309. (Robles, F.) (Entered: 12/15/2008) |
| 01/26/2009 | 22 | ORDER GRANTING 20 Plaintiff's Counsel's Motion to Withdraw as Attorney of Record; ORDER GRANTING an Extension of Time for the Filing of Plaintiff's Opening Brief to No Later than 3/10/2009; ORDER DIRECTING the Clerk to Update the Docket and to Serve this Order on Plaintiff Himself at the Address Specified in this Order, Signed by Magistrate Judge Sandra M. Snyder on 1/23/2009. (Arellano, S.) (Entered: 01/26/2009) |
| 01/26/2009 | | SERVICE BY MAIL: 22 Order served on Billy Collins. (Arellano, S.) (Entered: 01/26/2009) |
| 01/26/2009 | 23 | INFORMATIONAL ORDER for Pro Se Litigants signed by Magistrate Judge Sandra M. Snyder on 01/23/2009. (Flores, E) (Entered: 01/26/2009) |
| 01/26/2009 | | SERVICE BY MAIL: 23 Order served on Billy Collins. (Flores, E) (Entered: 01/26/2009) |
| 03/19/2009 | 24 | ORDER Requiring Plaintiff to Personally Appear and SHOW CAUSE why this Action should not be Dismissed for Failure to File an Opening Brief, failure to Comply with a court Order for Lack of Prosecution 28 . ORDER Directing Clerk to Serve Pro Se Plaintiff at Last Known Adress. Show Cause Hearing set for 4/17/2009 at 09:30 AM in Courtroom 7 (SMS) before Magistrate Judge Sandra M. Snyder. signed by Magistrate Judge Sandra M. Snyder on 3/18/09. (Gil-Garcia, A) (Entered: 03/19/2009) |
| 03/19/2009 | | SERVICE BY MAIL: 24 Order to Show Cause, served on Billy Collins (Gil-Garcia, A) (Entered: 03/19/2009) |
| 03/19/2009 | 25 | RESPONSE to ORDER to SHOW CAUSE by Billy Collins. (Kalagian, Marc) (Entered: 03/19/2009) |
| 04/17/2009 | 26 | MINUTES (Text Only) for proceedings held before Judge Sandra M. Snyder on 4/17/2009: SHOW CAUSE HEARING held - no appearance by plaintiff; Order to follow. Plaintiffs Counsel No Appearance by plaintiff. Defendants Counsel N/A. Court Reporter/CD Number: ECRO. (Herman, H) (Entered: 04/17/2009) |
| 04/17/2009 | | SERVICE BY MAIL: 26 Minutes of 4/17/2009 - Show Cause Hearing, served on Billy Collins (Herman, H) (Entered: 04/17/2009) |
| 04/21/2009 | 27 | ORDER Following Order to Show Cause Hearing Requiring Plaintiff's Personal Appearance (Doc. 24). ORDER Granting Plaintiff an Extension of Time to File Opening Brief: by 5/29/2009. signed by Judge Sandra M. Snyder on 4/17/2009. (Herman, H) (Entered: 04/21/2009) |

| | |
|---|---|
| 04/21/2009 | SERVICE BY MAIL: 27 ORDER Following Order to Show Cause Hearing Requiring Plaintiff's Personal Appearance 24 . ORDER Granting Plaintiff an Extension of Time to File Opening Brief, served on Billy Collins. (Herman, H) (Entered: 04/21/2009) |

II. <u>Discussion</u>

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. <u>See</u>, <u>e.g</u>. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply

6

with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff has failed to offer any explanation for the delay in proceeding to prosecute the case. The Court finds that under the circumstances of this case, plaintiff's delay is unreasonable.

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a Court's warning to a party that failure to obey the Court's order may result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of April 21, 2009, expressly warned

7

1  plaintiff that a failure to comply with an order of the Court
2  may result in sanctions, including dismissal.  Further, the Court
3  has already attempted repeated extensions of time, informational
4  orders, and warnings, but these alternatives have not resulted in
5  the filing of an opening brief.  Because plaintiff is proceeding
6  pro se and in forma pauperis, the Court concludes that monetary
7  sanctions are not a viable alternative.  The Court finds that
8  under the circumstances of the present case, there is no
9  alternative to dismissal.

10  Accordingly, it is HEREBY ORDERED that this entire
11  action is DISMISSED, without prejudice, for plaintiff's failure
12  to file an opening brief, failure to prosecute, and failure to
13  follow orders of the Court.

14  The Clerk is DIRECTED to CLOSE this action in its
15  entirety.

17  IT IS SO ORDERED.

18  **Dated:   June 2, 2009**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE